UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND M. STEWART,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. C14-1882-RBL-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Roland M. Stewart seeks review of the denial of his Supplemental Security Income application. He contends the ALJ erred by (1) finding that he had not rebutted the presumption of continuing non-disability, (2) discounting his credibility, (3) assessing medical opinions, and (4) assessing his residual functional capacity ("RFC"). Dkt. 11 at 1-2. As discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Mr. Stewart is currently 52 years old, has a GED and some college education, and has worked as a cook, general laborer, hotel houseman, and janitor.[1] He applied for benefits in

---

[1] Tr. 32, 193.

REPORT AND RECOMMENDATION - 1

1  January 2007, and after a denial initially and upon reconsideration, he had a hearing with an
2  ALJ, who denied benefits.  Tr. 55-65.  His request for review was denied by the Appeals
3  Council, and he did not seek judicial review of the ALJ's decision.  Tr. 96-99.
4      In May 2011, Mr. Stewart protectively applied for benefits again, alleging disability as of
5  January 1, 2005.[2]  Tr. 160-69.  His application was denied initially and on reconsideration.  Tr.
6  102-05, 111-18.  The ALJ conducted a hearing on March 4, 2013 (Tr. 27-51), and subsequently
7  found Mr. Stewart not disabled, noting that he had not shown a change in circumstances since his
8  previous denial.  Tr. 16-23.  As the Appeals Council denied Mr. Stewart's request for review, the
9  ALJ's decision is the Commissioner's final decision.  Tr. 1-4.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[3] the ALJ found:

**Step one:**  Mr. Stewart had not engaged in substantial gainful activity since his alleged onset date.

**Step two:**  Mr. Stewart's depression, anxiety, antisocial personality disorder, and substance abuse in reported remission were severe.

**Step three:**  These impairments did not meet or equal the requirements of a listed impairment.[4]

**RFC:**  Mr. Stewart can perform a full range of work at all exertional levels, but is limited to unskilled work.  He can make judgments on simple work-related decisions and respond appropriately to supervisors and co-workers.  He can tolerate occasional changes in the work environment, and cannot work with the public.

**Step four:**  Mr. Stewart can perform his past work as a kitchen helper, and is therefore not disabled.

Tr. 16-23.

---

[2] At the second administrative hearing, Mr. Stewart amended his alleged onset date to May 10, 2011.  Tr. 30.
[3] 20 C.F.R. §§ 404.1520, 416.920.
[4] 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION - 2

**DISCUSSION**

**1.     Continuing Presumption of Non-Disability**

A presumption of continuing non-disability applies in cases where a claimant was previously found not disabled, and has not demonstrated changed circumstances since the time of the prior decision.  *See Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988).  In this case, the ALJ noted that one of Mr. Stewart's severe impairments was previously substance abuse, and that this condition was now in reported remission.  Tr. 16, 18, 58.  The ALJ did not explain why the reported remission of a substance abuse disorder did not constitute a changed circumstance in Mr. Stewart's medical condition, and the Commissioner does not explicitly defend the ALJ's finding that the presumption was not rebutted.  *See* Dkt. 15 at 16-17 (arguing that any error in this regard was harmless).

However, the court agrees with the Commissioner that the error is harmless, because the ALJ did not rely on the *Chavez* presumption to find Mr. Stewart not disabled based solely on *res judicata* principles.

**2.     Mr. Stewart's Credibility**

The ALJ provided a number of reasons to discount Mr. Stewart's credibility, including (1) his long criminal history related to acts of dishonesty; (2) his inconsistent reporting to providers; (3) the fact that one examiner suggested that a malingering test should be performed because Mr. Stewart's presentation seemed "somewhat practiced"; (4) his poor work history, suggesting a lack of motivation to work; and (5) his ability to undertake some college education, despite allegations of mental impairments.  Tr. 21-22.  The Court will discuss each reason, and Mr. Stewart's challenge thereto, to determine whether the ALJ's adverse credibility determination is supported by clear and convincing reasons, supported by substantial evidence.

*See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

## A. Criminal History

Mr. Stewart argues that his criminal history is not a valid credibility factor "without more justification." Dkt. 11 at 11. Mr. Stewart is mistaken. *See Hardisty v. Astrue*, 592 F.3d 1072, 1079-80 (9th Cir. 2010) (ALJ's adverse credibility finding was substantially justified because all of the inferences upon which it rested, including inferences regarding prior convictions, had substance in the record); *Albidrez v. Astrue*, 504 F.Supp.2d 814, 822 (C.D. Cal. 2007) (finding consideration of crimes involving moral turpitude, such as showing a false ID to a peace officer, as well as violent crime of attempted robbery, properly considered as basis for adverse credibility determination).

The ALJ described Mr. Stewart's long history of committing crimes of dishonesty, including theft, burglary, and violating a domestic violence no-contact order. Tr. 21. The ALJ's findings regarding Mr. Stewart's criminal history constitutes an "ordinary technique" of credibility evaluation that supports the adverse credibility determination. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

## B. Inconsistent Statements

Mr. Stewart argues that the ALJ did not provide an example of his inconsistent reporting, despite finding that inconsistencies in his testimony undermined his credibility. The ALJ stated that Mr. Stewart

> told an examiner on August 29, 2011, that he was incarcerated from December 2008 until April 2011 ([Tr. 285]). Yet, when seen by a psychologist in September 2012, [he] said his most recent arrest was three or four years ago. He said he had been convicted of four felonies and incarcerated for five years ([Tr. 300]).

Tr. 21. Mr. Stewart argues that the ALJ did not identify an inconsistency, because he could have been arrested four years before September 2012 and been incarcerated on that charge starting in

REPORT AND RECOMMENDATION - 4

1  December 2008.  Dkt. 11 at 11.  The Commissioner points out that the other information (four

2  felony convictions and five years of incarceration) was not accurate, because the record showed

3  that he had spent most of his adult life incarcerated.  Dkt. 15 at 5 (citing Tr. 242).  But the

4  evidence the Commissioner cites indicates that Mr. Stewart was "incarcerated *on and off* most of

5  his adult life[,]" that he was in prison for the second time in 2006, and that he had been arrested

6  approximately 30 times as an adult.  Tr. 242 (emphasis added), 253, 286.  These facts are not

7  necessarily inconsistent with a report of four felony convictions, and a sum of five years

8  incarcerated.  Accordingly, this reason is not supported by substantial evidence.

9        **C.**      **Malingering**

10        Mr. Stewart argues that the ALJ erred in relying on one provider's suspicion of

11  malingering, when a subsequent malingering test revealed no evidence of malingering.  *See* Tr.

12  303.  Mr. Stewart has cited no authority indicating that evidence of no malingering on one

13  occasion negates suspicion of malingering on another, and the Court is aware of no such

14  authority.  The provider's suspicion of malingering is a clear and convincing reason to discount

15  Mr. Stewart's credibility.

16        **D.**      **Work History**

17        The ALJ found that Mr. Stewart's poor work history made him conclude that Mr.

18  Stewart's "motivation for returning to work and supporting himself is at best not clear.  Most of

19  his adult life he has depended on public funds or incarceration to provide his basic necessities,

20  rather than earnings from jobs."  Tr. 22.  Mr. Stewart argues that the ALJ impermissibly

21  speculated that he lacks motivation to work, but such an inference is reasonable from the facts

22  cited by the ALJ.  *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ properly

23  considered "'extremely poor work history'" and showing of "'little propensity to work in

REPORT AND RECOMMENDATION - 5

[claimant's] lifetime'" as negatively affecting her credibility as to inability to work; noting claimant's "work history was spotty, at best, with years of unemployment between jobs, even before she claimed disability"); *Albidrez*, 504 F. Supp.2d at 821-22 ("An ALJ may properly consider a claimant's poor or nonexistent work history in making a negative credibility determination.").

### E. College

The ALJ found that Mr. Stewart's ability to complete college coursework undermined his allegations of mental limitations, and he also noted that Mr. Stewart inconsistently reported the amount of college education he received. Tr. 21.

Mr. Stewart disputes whether the purportedly inconsistent statements were actually inconsistent. Dkt. 11 at 11-12. Even assuming that argument has merit, Mr. Stewart does not challenge the ALJ's finding that his ability to complete college coursework at all is inconsistent with his alleged mental limitations. The ALJ reasonably found that Mr. Stewart's ability to complete college coursework is inconsistent with his alleged concentration and cognitive difficulties. *See* Tr. 44 (hearing testimony regarding problems concentrating and thinking).

Although some of the ALJ's credibility findings are not supported by substantial evidence, most of the reasons are legally sufficient and adequately supported, and not negated by the ALJ's inclusion of erroneous reasons. Accordingly, any errors in the ALJ's credibility findings are harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

### 3. Medical Opinions

Mr. Stewart challenges the ALJ's assessment of various medical opinions, arguing that (1) the ALJ's reasons to discount the opinions of Robert Parker, Ph.D., and Mary Montgomery,

REPORT AND RECOMMENDATION - 6

ARNP, are not specific and legitimate[5]; and (2) the ALJ purported to credit opinions indicating that Mr. Stewart was more socially limited than provided in the RFC assessment.  For the reasons explained herein, the Court finds that some of Mr. Stewart's arguments have merit.

### A. Dr. Parker's Opinion

Dr. Parker examined Mr. Stewart in September 2012, and opined that he had several moderate, marked, and severe functional limitations.  Tr. 299-313.  The ALJ discounted Dr. Parker's opinion on the grounds that Mr. Stewart's self-reported activities are inconsistent with the limitations indicated by the psychologist.  Tr. 22.  Specifically, the ALJ found that Mr. Stewart's ability to participate in treatment sessions twice weekly, regularly visit the library to check out materials, and belief that he can get a job are inconsistent with Dr. Parker's opinion.  Tr. 22 (citing Tr. 299, 300).

Mr. Stewart argues that (1) it is not clear how the activities cited contradict Dr. Parker's opinion; and (2) Dr. Parker noted those activities himself, so his opinion cannot contradict them.  Dkt. 11 at 5-6.  The Court agrees with the first argument.  The ALJ did not explain how the activities cited contradict Dr. Parker's opinion, and no such contradiction is immediately apparent.  A finding that a provider's opinion is internally inconsistent can be a legitimate reason to discount it — contrary to Mr. Stewart's argument — but in this case, the ALJ did not explain how or why the opinion was internally inconsistent.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (holding that an ALJ's rejection of a physician's opinion due to discrepancy

---

[5] The Commissioner offers a post hoc rationale as to why the opinions of Dr. Parker and Ms. Montgomery were not reliable.  Dkt. 15 at 16.  Although the Commissioner contends that the ALJ was entitled to discount their opinions due to reliance on non-credible self-reporting, the ALJ did not state this as a reason to discount either opinion.  Tr. 22.  Because the court may not affirm the ALJ on grounds not articulated by the ALJ, the court declines the Commissioner's invitation to consider post hoc rationales.  *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (declining to "affirm the decision of an agency on a ground that the agency did not invoke in making its decision").

REPORT AND RECOMMENDATION - 7

or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province"). Accordingly, the ALJ shall reconsider the opinion on remand, and either credit it or provide specific, legitimate reasons to discount it.

### B.     Ms. Montgomery's Opinion

Mr. Stewart's treating nurse, Ms. Montgomery, completed a DSHS form opinion in October 2011, indicating that Mr. Stewart had some marked and severe functional limitations. Tr. 293-98. The ALJ gave "some weight" to Ms. Montgomery's opinion, and stated that the RFC assessment limiting Mr. Stewart to simple, routine tasks without interaction with the general public was consistent with Ms. Montgomery's examination findings. Tr. 22.

The ALJ did not provide any reasons why he gave only "some weight" to Ms. Montgomery's opinion, and this failure is error, because the RFC assessment is not entirely consistent with Ms. Montgomery's opinion. She indicated that Mr. Stewart had marked limitations in the ability to maintain appropriate behavior in a work setting, explaining that he has "difficulty managing interpersonal interactions and coping with stress." Tr. 296. The ALJ did not mention this portion of Ms. Montgomery's opinion, and thus did not provide any reason to discount it. The RFC assessment indicates that Mr. Stewart can "respond appropriately to supervisors and co-workers[,]" but this is inconsistent with Ms. Montgomery's opinion that he would have "difficulty managing interpersonal interactions[.]" Tr. 20, 296. On remand, the ALJ shall reassess Ms. Montgomery's opinion and either credit all of it, or provide specific, legitimate reasons to discount it.

### C.     RFC Assessment

A State agency consultant opined that Mr. Stewart was "[c]apable of work w[ith] [limited] social interaction, best away [from] [general public]." Tr. 80, 92. The ALJ purported

REPORT AND RECOMMENDATION - 8

to give "significant weight" to this opinion (Tr. 19), yet found Mr. Stewart capable of responding appropriately to supervisors and co-workers (Tr. 20). The ALJ did not explain why a restriction on public interaction would account for all of the social limitations indicated by the State agency consultant.

Furthermore, although the ALJ stated that an opinion provided by examining psychologist Lou Sowers, Ph.D., supported his RFC assessment (Tr. 22), Dr. Sowers opined that Mr. Stewart "experiences great difficulty working with others. He performs best in solitary jobs wher[e] he can work alone such [as] a graveyard shift janitorial position." Tr. 242. Again, the ALJ does not explain how his RFC assessment, which does not limit Mr. Stewart's interaction with co-workers and supervisors, is consistent with Dr. Sowers' opinion. The State agency consultant relied upon Dr. Sowers' opinion in rendering his own opinion. Tr. 90, 92.

The Commissioner argues that the ALJ was entitled to discount Dr. Sowers' opinion as based on non-credible self-reporting (Dkt. 15 at 14), but the ALJ did not provide this rationale. Instead, the ALJ explicitly stated that his RFC assessment was consistent with Dr. Sowers' opinion. Tr. 22.

Accordingly, on remand, the ALJ shall reconsider the State agency opinions as well as Dr. Sowers' opinion, in assessing Mr. Stewart's social limitations.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reconsider the opinions of Drs. Parker and Sowers, Ms. Montgomery, and the State agency psychological consultants, in assessing Mr. Stewart's RFC.

1  A proposed order accompanies this Report and Recommendation.  Any objection to this
2 Report and Recommendation must be filed and served no later than **November 18, 2015.**  If no
3 objections are filed, the Clerk shall note the matter for November 20, 2015, as ready for the
4 Court's consideration.  If objections are filed, any response is due within 14 days after being
5 served with the objections.  A party filing an objection must note the matter for the Court's
6 consideration 14 days from the date the objection is filed and served.  Objections and responses
7 shall not exceed ten pages.  The failure to timely object may affect the right to appeal.

8  DATED this 4th day of November, 2015.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10