HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROLAND M STEWART,<br><br>        Plaintiff,<br><br>   v.<br><br>CAROLYN COLVIN,<br><br>        Defendant. | CASE NO. C14-1882-RBL<br><br>ORDER DENYING EAJA MOTION FOR ATTORNEYS' FEES<br><br>[Dkt. #20] |

THIS MATTER is before the Court on Plaintiff Stewart's Motion for attorneys' fees under the Equal Access to Justice Act. [Dkt. #20] Stewart's claim for SSI benefits was denied by the ALJ and he appealed. This Court adopted [Dkt. #18] the Magistrate Judge's Report and Recommendation reversing and remanding that determination [Dkt. #17], because the ALJ had not adequately addressed all of the medical opinions in the record. As Stewart concedes, it did not determine that the ALJ's decision was not supported by substantial evidence.

Stewart is the prevailing party and is entitled to an award of attorney's fees and expenses unless the United States' position was "substantially justified." 28 U.S.C. § 2412(d)(1). A substantially justified position is one that "a reasonable person could think is correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). The

1 position does not need to be "justified to a high degree." *Id*. at 565. The fact that Plaintiff
2 prevailed in court "does not raise a presumption that [the government's] position was not
3 substantially justified." *Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988). The Commissioner
4 must be substantially justified both in her litigation position and in the action on which the
5 litigation is based. *Hardisty*, 592 F.3d at 1076-77 (*citing* 28 U.S.C. § 2412(d)(2)(D)).  The
6 government bears the burden of showing that the Commissioner's position was substantially
7 justified.  *Gutierrez*, 274 F.3d at 1258.

8 The Commissioner must show that her position, *"as a whole*,*"* was substantially justified.
9 *Gutierrez,* 274 F.3d at 1258-59.  This requires two inquiries: "first, whether the government was
10 substantially justified in taking its original action; and, second, whether the government was
11 substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d
12 329, 332 (9th Cir. 1988).

13 Stewart seeks $7551.60 in attorney's fees (40.6 hours at $186 per hour) under the EAJA
14 (28 U.S.C. §2412).  He argues that the Commissioner's position was not substantially justified,
15 because the errors outlined in the Report and Recommendation

16 The Commissioner opposes the fee request, both because her position was substantially
17 justified and because the fee request is excessive. She emphasizes that the EAJA is not a fee-
18 shifting statute, and that the "substantially justified" standard is not a stringent one.  Indeed, the
19 Commissioner's position can be substantially justified despite a lack of substantial evidence, and
20 is therefore a lower standard than that, already low standard. The failure to succeed on the merits
21 does not raise a presumption that the Commissioner's position was not substantially justified.
22 *See Kali v. Brown*, 854 F.2d 329 9th Cir. (1988), and other cases cited in the Commissioner's
23 Response [Dkt. # 21].

24

1  The Commissioner argues that she prevailed on the credibility argument, and her
2  determinations on the remaining issues all were based on evidence in the record and supported
3  by case law; they were had a reasonable basis in law and fact, even though the Court determined
4  that she should have addressed some other evidence in the record (primarily, medical opinions).

5  The Court agrees. The Commissioner's position was substantially justified throughout,
6  even though she did not prevail. The Court therefore declines to award fees under the EAJA,
7  and need not reach the reasonableness of the fee request.

8  The Motion for an award of fees is DENIED.

9  IT IS SO ORDERED.

10  Dated this 13th day of May, 2016.

_____
Ronald B. Leighton
United States District Judge